## LIEBERMAN v. GEO. F. HEINRICH, Inc.

No. 19236. Opinion Filed Sept. 10, 1929.

Guy P. Horton, for plaintiff in error.

Whiteside & Snodgrass, for defendant in error.

HALL, C. This is an appeal from an order of the district court in overruling a motion for new trial based upon subdivision 9, section 572, Comp. Stat. 1921.

The defendant in error herein, Geo. F. Heinrich, Inc., had obtained a judgment against the plaintiff in error, H. Lieberman. The defendant, Lieberman, gave notice of appeal and the court fixed the time at 60 days in which to make and serve a case-made. Later, he extended the time 30 days, and signed a journal entry to that effect. The following morning, however, he called for the journal entry, and by interlineation he reduced the extended time to 20 days. It appears that the defendant (plaintiff in error) was never actually apprised of the action of the court. After the expiration of the time originally fixed and the 20 days additionally given for making and serving the case-made, the defendant discovered the change in the latter order. He made the discovery five or six days before the time for making and serving the case-made would have expired had the court permitted the 30-day period to remain in the order.

The defendant had never ordered a case-made, and apparently had made no effort toward preparing his appeal, except to get the orders of extension.

About one month later the defendant filed a motion for new trial based upon said section 572, Comp. Stat. 1921, which provides, among other things, that a new trial may be granted because of the impossibility of making and serving a case-made and lodging an appeal in the Supreme Court within the time provided by law.

The court overruled this motion, and we think properly so, upon the ground that if defendant was misled or deceived by the action of the trial court in reducing the period in which to make and serve the case-made, he could have made an application pursuant to section 789, Comp. Stat. 1921, which provides, in substance, that in case of accident or misfortune, which could not reasonably have been avoided by the party desiring to appeal, the court, upon proper notice, may make such orders for the extension of time in which to make and serve a case-made, even after the expiration of the time fixed in the previous order or the time allowed by law. The defendant (the plaintiff in error) entirely disregarded this statute and sought a new trial because he was misled in believing that the time in which to make and serve a case-made had not expired.

Furthermore, plaintiff in error showed but little, if any, diligence in preparing his appeal from the judgment in the case. He had asked for 90 days in which to make and serve a case-made, and had permitted 85 of them to pass without ever even placing an order for the case-made.

The judgment is hereby affirmed.

The defendant in error has moved for judgment against the sureties on the supersedeas bond of plaintiff in error in case the judgment is affirmed. The motion is well taken; and it is hereby ordered, adjudged and decreed that the defendant in error, Geo. F. Heinrich, Inc., have and recover from H. S. Banks and R. T. Jones, sureties on the supersedeas bond of plaintiff in error, the sum total of the original judgment and lawful interest thereon, together with the statutory costs properly chargeable in the case.

Affirmed.

BENNETT, JEFFREY, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.